IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| PAMELA DAURHAM, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>NANCY A. BERRYHILL, Acting )<br>Commissioner of Social Security,[1] )<br>)<br>Defendant. )<br>) | No. 16 C 10302<br><br>Magistrate Judge<br>Maria Valdez |

## MEMORANDUM OPINION AND ORDER

This action was brought under 42 U.S.C. § 405(g) to review the final decision of the Commissioner of the Social Security Administration ("Commissioner") denying Plaintiff Pamela Daurham's ("Plaintiff") claims for Disability Income Benefits ("DIB") and Supplemental Security Income ("SSI") under Titles II and XVI the Social Security Act (the "Act"). The parties have consented to the jurisdiction of the United States Magistrate Judge pursuant to 28 U.S.C. § 636(c). For the reasons that follow, Plaintiff's motion for summary judgment [Doc. No. 13] is granted and the Commissioner's cross-motion for summary judgment [Doc. No. 21] is denied.

---

[1] Nancy A. Berryhill is substituted for her predecessor, Carolyn W. Colvin, pursuant to Federal Rule of Civil Procedure 25(d).

## BACKGROUND

I.   **Procedural History**

Plaintiff filed her applications for DIB and SSI in July 2013, alleging disability beginning in August 1, 2012, due to tendinitis. (R. 193–206, 246.) Her application was denied initially and again upon reconsideration. (R. 68–109.) Plaintiff appeared for a hearing before an Administrative Law Judge ("ALJ") on April 27, 2015. (R. 32–67.) She was represented by counsel. (*Id.*) A vocational expert, Linda Gels, was also present at the hearing and testified. (*Id.*) During the hearing, Plaintiff amended her alleged onset date to February 1, 2015. (R. 57.) On June 15, 2015, the ALJ issued an unfavorable decision finding Plaintiff was not disabled. (R. 16–31.) The Appeals Council ("AC") denied review on September 14, 2016, leaving the ALJ's decision as the final decision of the Commissioner and, therefore, reviewable by the District Court under 42 U.S.C. § 405(g). *See Haynes v. Barnhart*, 416 F.3d 621, 626 (7th Cir. 2005); *Herron v. Shalala*, 19 F.3d 329, 332 (7th Cir. 1994); (R. 1–6.)

II.  **ALJ Decision**

On June 15, 2015, the ALJ issued an unfavorable written determination finding Plaintiff was not disabled. (R. 16–31.) At step one, the ALJ determined that Plaintiff had not engaged in substantial gainful activity since August 1, 2012, her alleged onset date and met the insured status requirements of the Act through December 31, 2014. (R. 21.) At step two, the ALJ found that Plaintiff suffered from severe impairments of cervical spondylosis and arthritis in shoulders. (R. 22.) At

step three, the ALJ determined that Plaintiff did not have an impairment or combination of impairments that meet or medical equaled the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 (20 C.F.R. 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925, and 416.926). (*Id.*)

Before step four, the ALJ found that Plaintiff had the residual functional capacity ("RFC") to perform work at a light exertional level, subject to several limitations.[2] At step four, the ALJ concluded that Plaintiff was capable of performing her past relevant work as a cosmetologist and sales representative. (R. 25.) Because of this determination, the ALJ found that Plaintiff is not disabled under the Act. (R. 25–26.)

## DISCUSSION

### III. ALJ Standard

Under the Act, a person is disabled if he has an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 423(d)(1)(a). In order to determine whether a plaintiff is disabled, the ALJ considers the following five questions in order: (1) Is the plaintiff presently unemployed? (2) Does the plaintiff have a severe impairment? (3) Does the

---

[2] At this stage, the ALJ determined Plaintiff:
> is unable to work at heights or climb ladders, and she may only occasionally kneel or crawl. [Plaintiff] is limited to frequent, rather than continuous, reaching in all directions with her left upper extremity.

(R. 22.)

3

impairment meet or medically equal one of a list of specific impairments enumerated in the regulations? (4) Is the plaintiff unable to perform his former occupation? and (5) Is the plaintiff unable to perform any other work? 20 C.F.R. § 416.920(a)(4).

An affirmative answer at either step three or step five leads to a finding that the plaintiff is disabled. *Young v. Sec'y of Health & Human Servs.*, 957 F.2d 386, 389 (7th Cir. 1992). A negative answer to any remaining question precludes a finding of disability. *Id.* The plaintiff bears the burden of proof at steps one through four. *Id.* Once the plaintiff shows an inability to perform past work, the burden then shifts to the Commissioner to show the plaintiff's ability to engage in other work existing in significant numbers in the national economy. *Id.*

## IV. Judicial Review

Section 405(g) provides in relevant part that "[t]he findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). Judicial review of the ALJ's decision is limited to determining whether the ALJ's findings are supported by substantial evidence or based upon legal error. *Clifford v. Apfel*, 227 F.3d 863, 869 (7th Cir. 2000); *Stevenson v. Chater*, 105 F.3d 1151, 1153 (7th Cir. 1997). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Skinner v. Astrue*, 478 F.3d 836, 841 (7th Cir. 2007). This Court may not substitute its judgment for that of the Commissioner by reevaluating facts, reweighing evidence,

resolving conflicts in evidence, or deciding questions of credibility. *Skinner*, 478 F.3d at 841; *see also Elder v. Astrue*, 529 F.3d 408, 413 (7th Cir. 2008) (holding that the ALJ's decision must be affirmed even if "reasonable minds could differ" as long as "the decision is adequately supported.") (internal citation omitted).

The ALJ is not required to address "every piece of evidence or testimony in the record, [but] the ALJ's analysis must provide some glimpse into the reasoning behind her decision to deny benefits." *Zurawski v. Halter*, 245 F.3d 881, 889 (7th Cir. 2001). In cases where the ALJ denies benefits to a plaintiff, "he must build an accurate and logical bridge from the evidence to [her] conclusion." *Clifford*, 227 F.3d at 872. The ALJ must at least minimally articulate the "analysis of the evidence with enough detail and clarity to permit meaningful appellate review." *Briscoe ex rel. Taylor v. Barnhart*, 425 F.3d 345, 351 (7th Cir. 2005); *Murphy v. Astrue*, 496 F.3d 630, 634 (7th Cir. 2007) ("An ALJ has a duty to fully develop the record before drawing any conclusions . . . and must adequately articulate his analysis so that we can follow his reasoning. . . ."); *see Boiles v. Barnhart*, 395 F.3d 421, 425 (7th Cir. 2005).

We review the ALJ's decision but we play an "extremely limited" role. *Elder*, 529 F.3d at 413. Where conflicting evidence would allow reasonable minds to differ, the responsibility for determining whether a plaintiff is disabled falls upon the Commissioner, not the court. *See Herr v. Sullivan*, 912 F.2d 178, 181 (7th Cir. 1990). However, an ALJ may not "select and discuss only that evidence that favors

5

his ultimate conclusion," but must instead consider all relevant evidence. *Herron v. Shalala*, 19 F.3d 329, 333 (7th Cir. 1994).

V.  **Analysis**

Plaintiff argues that the ALJ's decision should result in remand because he: (1) improperly evaluated her subjective symptom allegations; (2) failed to consider the side effects of her medication; and (3) made mistakes when formulating her RFC. For the reasons that follow, the Court finds that remand is appropriate.

**A. Credibility**

The Court first turns to Plaintiff's credibility assertion.[3] An ALJ's credibility determination is granted substantial deference by a reviewing court unless it is "patently wrong" and not supported by the record. *Schmidt v. Astrue*, 496 F.3d 833, 843 (7th Cir. 2007); *Powers v. Apfel*, 207 F.3d 431, 435 (7th Cir. 2000); *see also Elder*, 529 F.3d at 413 (holding that in assessing the credibility finding, courts do not review the medical evidence de novo but "merely examine whether the ALJ's determination was reasoned and supported"). An ALJ must give specific reasons for discrediting a claimant's testimony, and "[t]hose reasons must be supported by

---

[3] In 2016, the Commissioner rescinded SSR 96-7p and issued SSR 16-3p, eliminating the use of the term "credibility" from the symptom evaluation process, but clarifying that the factors to be weighed in that process remain the same. *See* SSR 16-3p, 2016 WL 1119029, at *1, *7 (March 16, 2016). The ruling makes clear that ALJs "aren't in the business of impeaching claimants' character," but does not alter their duty to "assess the credibility of pain assertions by applicants, especially as such assertions often cannot be either credited or rejected on the basis of medical evidence." *Cole v. Colvin*, 831 F.3d 411, 412 (7th Cir. 2016) (emphasis in original). However, the SSA recently clarified that SSR 16-3p only applies when ALJs "make determinations on or after March 28, 2016," and that SSR 96-7p governs cases decided before the aforementioned date. *See* Notice of Social Security Ruling, 82 Fed. Reg. 49462 n.27 (Oct. 25, 2017). The ALJ issued his opinion on March 25, 2014. (R. 57.) Therefore, the ALJ properly applied SSR 96-7p. Nonetheless, SSR 16-3p will apply on remand. *See* Notice of Social Security Ruling, 82 Fed. Reg. 49462 n.27 (Oct. 25, 2017).

record evidence and must be 'sufficiently specific to make clear to the individual and to any subsequent reviewers the weight the adjudicator gave to the individual's statements and the reasons for that weight.' " *Lopez ex rel. Lopez v. Barnhart*, 336 F.3d 535, 539–40 (7th Cir. 2003) (quoting *Zurawski*, 245 F.3d at 887–88); *see* SSR 96-7p, 1996 WL 374186, at *4 (S.S.A. 1996).

The lack of objective evidence is not by itself reason to find a claimant's testimony to be incredible. *See Schmidt v. Barnhart*, 395 F.3d 737, 746–47 (7th Cir. 2005). When evaluating a claimant's credibility, the ALJ must also consider "(1) the claimant's daily activity; (2) the duration, frequency, and intensity of pain; (3) the precipitating and aggravating factors; (4) dosage, effectiveness, and side effects of medication; and (5) functional restrictions." *Scheck*, 357 F.3d at 703; *see also* SSR 96-7p at *3. An ALJ's "failure to adequately explain his or her credibility finding . . . is grounds for reversal." *Minnick v. Colvin*, 775 F.3d 929, 937 (7th Cir. 2015).

Here, the ALJ offered two reasons for discounting Plaintiff's subjective symptom allegations: (1) a lack of supporting objective evidence and (2) her ability to sustain substantial gainful activity after her alleged onset date. Plaintiff claims the ALJ failed to articulate which onset date he was referring to, erroneously leaving a lack of objective evidence as the only reasoning supporting the ALJ's decision. The Court agrees.

Plaintiff testified that she worked as a sales representative for a hair products company from 2013 to 2015, but stopped due to difficulty lifting boxes. (R. 50–56.) She earned $13,000 in 2014 from this position. (R. 50.) In his decision, the

7

ALJ opined that "the fact that [Plaintiff] was able to sustain substantial gainful activity level work for an extended period of time after her alleged onset date strongly suggest[ed] she retain[ed] the capacity to perform work on a sustained basis, despite her impairments." (R. 24.) Plaintiff claims this was in error because it is unclear if the ALJ was referring to August 1, 2012, her original onset date, or February 1, 2015, her amended onset date.

Looking to the decision itself, at step two the ALJ explicitly stated that Plaintiff's alleged onset date was August 1, 2012. (R. 21.) But, elsewhere, the ALJ noted that Plaintiff "amended her alleged onset date to February 1, 2015." (R. 19.) Therefore, it is unclear which date the ALJ intended to use. The parties do not point to, and the Court on its own does not find, any case law in this District instructing this Court how to proceed when this issue arises. Looking to other courts, however, it appears that an error in the alleged onset of disability is not itself a basis for remand unless the claimant can show that it caused her prejudice. *See Hinchey v. Barnhart*, 2007 WL 1047065, at *7 (W.D. Va. April, 5, 2007) (remanding where the ALJ's use of the wrong alleged onset date "tainted his consideration of [the claimant's] claim" and caused her prejudice); *c.f. Ehrob v. Commissioner*, 2011 WL 977514, at *6 (S.D. Mich. Mar. 17, 2011) (affirming an ALJ's decision where the ALJ used the claimant's original alleged disability onset date, rather than her amended date, because the claimant was not able to demonstrate she would be prejudiced as a result.) Here, Plaintiff has shown the requisite prejudice.

The ALJ's decision creates two alternatives. In the first, the ALJ intended to use Plaintiff's original alleged onset date, August 1, 2012, which he articulated at step two. If this is the case, then he appropriately considered her ability to engage in substantial gainful employment for any portion of the years 2013, 2014, and 2015. On the other hand, the ALJ may have intended to use Plaintiff's amended alleged onset date, February 1, 2015, which he identified elsewhere. Under this alternative the ALJ's credibility reasoning fails because Plaintiff testified that she had stopped working by that time. Because it is unclear which date the ALJ intended to use, the Court must reject Plaintiff's recent work history as a factor supporting his credibility determination. As a result, the ALJ's credibility determination is impermissibly based entirely on a lack of supporting objective medical evidence.[4] *See Schmidt*, 395 F.3d at 746–47. Therefore, remand is appropriate so the ALJ can articulate with greater specificity which date he is relying on. *See Goble v. Astrue*, 385 F. App'x 588, 592 (7th Cir. 2010) ("Claims of disabling pain 'based solely on the claimant's subjective complaints' cannot be discredited simply because of a lack of objective medical confirmation, although the lack of confirmation can factor into the analysis.") (quoting *Parker v. Astrue*, 597 F.3d 920, 922–23 (7th Cir. 2010)).

Nonetheless, the Commissioner argues that the ALJ rightfully considered Plaintiff's ability to perform substantial gainful activity prior to her amended

---

[4] The Commissioner claims the ALJ's credibility determination is otherwise supported because the ALJ found that Plaintiff's record was "characterized by substantial gaps, most notably from late 2013 to April of 2015." (R. 24.) Although stated differently, this is still "lack of objective evidence" reasoning.

9

alleged onset date. Here, there were around four and a half months between Plaintiff's amended alleged onset date, February 1, 2015, and the ALJ's decision date, June 15, 2015. Thus, the Commissioner claims, it was appropriate for the ALJ to consider her work activity because it is Plaintiff's burden to show continuous disability lasting or expected to last twelve months. *See* 42 U.S.C. § 423(d)(1)(A). Moreover, the Commissioner argues that a claimant's ability to work is the type of consideration that ALJs are required to make at step one of the sequential evaluation process. These arguments fail for two reasons.

First, the Commissioner's argument ignores the fact that the language of the statute permits claimants to establish disability that is *expected to* last twelve months. Thus, Plaintiff's amended alleged onset date applied to the months following February 1, 2015, not just the ones preceding it.

Second, the question at step one is "whether the claimant is currently engaged in substantial gainful activity." *Jones v. Shalala*, 21 F.3d 191, 192 (7th Cir. 1994). But, Plaintiff here is not claiming that she is *currently* engaged in substantial gainful activity. More to the point, the Commissioner has not explained how the fact that Plaintiff worked prior to her amended alleged onset date would impact her credibility. In fact, many applicants work prior to their alleged onset dates, yet still give credible testimony. Accordingly, the Court finds remand is appropriate in this case.

### B. Plaintiff's Remaining Arguments

Because remand is required the Court need not address Plaintiff's remaining arguments at this time. The Court expresses no opinion about the decision to be made on remand but encourages the Commissioner to use all necessary efforts to build a logical bridge between the evidence in the record and her ultimate conclusions, whatever those conclusions may be. *See, e.g., Myles v. Astrue*, 582 F.3d 672, 678 (7th Cir. 2009) ("On remand, the ALJ should consider all of the evidence in the record, and, if necessary, give the parties the opportunity to expand the record so that he may build a 'logical bridge' between the evidence and his conclusions"); *Smith v. Apfel*, 231 F.3d 433, 437 (7th Cir. 2000); *Luna v. Shalala*, 22 F.3d 687, 693 (7th Cir. 1994).

### CONCLUSION

For the foregoing reasons, Plaintiff's motion for summary judgment [Doc. No. 13] is granted and the Commissioner's cross-motion for summary judgment [Doc. No. 21] is denied. The Court finds that this matter should be remanded to the Commissioner for further proceedings consistent with this Order.

**SO ORDERED.**  **ENTERED:**

*/s/ Maria Valdez/*

**DATE:   June 6, 2018**

**HON. MARIA VALDEZ**
**United States Magistrate Judge**